UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST CALVINO JR., <br><br> Plaintiff, <br><br> -against- <br><br> LESLIE JOBS; LESLIE JOBS DOBLES; APPLE INC.; APPLE CORP., <br><br> Defendants. | 1:20-CV-0758 (CM) <br><br> ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. He asserts that his claims fall under the Court's federal-question jurisdiction. By order dated January 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reason set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff asserts that the federal constitutional or statutory basis for this action is "conspiracy of computer theft, conspiracy of computer frau[d], conspiracy of scam, conspiracy of harassment, electronic extortion with audio. " (ECF 2, at 2.) He makes the following allegations:

> This woman came[] to see me in Tremont Ave. in the Bronx in Spring 2018. This woman since have been consp[i]r[i]ng in monitoring with hid[den] electronic devices audio, video, medical electronic device (mini chip) or particle hid[den] in my skin. She have in her electronic cellphone and probably other device my intellectual property (trade secrets) like her the[i]ves other that had done the same. This woman went to Massachu[s]etts to do bus[i]ness with m[e]. I never had a conve[r]sation about the trade secret[s] or doing bus[i]ness. They have t[a]ken[] the colors. I mean different color that they did not have, the home button inside the screen, scrack [sic] prove probably, [e]ncripted signa [sic] for avoiding the signal to int[ruder] or hack by someone else, probably some screen upgrades and probably more safety for the customer privacy the intellectual property have take[n] from m[e] since 2018. There[']s probably more to add to this complain[t] about trade secret[s] that have be[en] used by her and her corp[oration].

(*Id.* at 5-6.)

Plaintiff alleges that the injuries he has suffered include "los[s] of trade secret[s], los[s] of money, time, stress, pain, disrespected, mental damage, emotional damage." (*Id.* at 6.) He seeks as relief:

2

> money relief evaluating amount with a[] financial estimat[o]r, information on how she obtain the information. Why she and her corp[oration] neglected in ap[p]roach m[e] about the information taken[] from m[e]. Justice: why she did the thing she did in the audio electronic w[hen] I was in the Bronx work during the beginning of the summer months.

(*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff has filed numerous frivolous actions in this Court; this Court has warned Plaintiff that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new civil actions in this Court IFP without the Court's leave to file. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). In an order dated January 10, 2020, the Court directed Plaintiff to show cause why the Court should not bar him from filing any future civil action in this Court IFP without the Court's leave to file. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020). Plaintiff remains warned.

Because of Plaintiff's well-document, repeated, abusive, bad-faith, and vexatious litigation in this Court and the Court's need to deter further abuse, on January 31, 2020, the Court

directed Plaintiff to show cause in writing, within 10 days, why the Court should not impose filing restrictions on him. *See Calvino v.* DEA, ECF 1:20-CV-0649, 4 (S.D.N.Y. Jan. 31, 2020).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 4, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge